ABRIL *v.* MORENO ET AL.   •

APPEAL from District Court of Mayagüez.

No. 139.—Decided January 29, 1908.

JUDICIAL TERMS—HOW SAME SHOULD BE CALCULATED.—Judicial terms must be calculated by excluding the first day and including the last unless the last day should be a holiday in which case it should also be excluded.

ID.—APPEALS.—The term of one month granted by section 295 of the Code of Civil Procedure, within which to take appeals, must be understood to mean 30 days, which should be calculated in the manner indicated in the foregoing paragraph.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy and Campillo* for appellant.

*Mr. López Landrón* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion for reconsideration has been filed in this case. The appellant alleges that although thirty-seven days elapsed from the time the judgment was entered up to the time the

notice of appeal was filed, yet considering that it has been the practice of this court to exclude Sundays and legal holidays, seven days should have been excluded, namely, five Sundays, the 22d of March and Good Friday.

It is true there have been cases, when our rules were comparatively new, where the court has excluded Sundays and legal holidays. Perhaps we have the right to interpret our rules in this manner, although a different construction would be necessary in case of a statute. Be that as it may, this court in the case of *Ricardo Ortíz Ríos* v. *Trinidad Molina,* decided December 23, 1907 (13 P. R. Rep., p. 388), held by implication that Sundays and legal holidays were not to be included. Section 388 of the Political Code provides that the time in which any act provided by law is to be done is computed by excluding the first day and excluding the last, unless the last da yis a holiday, and then it is also excluded. The law therefore says that the only time a Sunday or holiday is to be excluded is when it is the last day. The doctrine of *expresio unius est exclusio alterius* applies here and fixes the criterion by which legal terms must be determined.

In the case at bar there can be no question that the appeal ought to be dismissed. Section 295 of the Code of Civil Procedure provides that appeals must be filed within one month after the judgment. In different jurisdictions a month is sometimes considered to be a calendar month, and sometimes as containing 30 days. Thirty days is the time limit fixed by our Civil Code. In no event can the expression "one month" as used by section 295 of the Code of Civil Procedure be construed to include 37 days, and the motion for reconsideration must be denied.

*Denied.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.